UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| TYLER JAMES THOMAS LANKFORD | Case No. |
| Plaintiff, | |
| vs. | COMPLAINT FOR DAMAGES |
| CITY OF PULLMAN; OFFICER JOSHUA BRAY; OFFICER ALEX GORDON; DETECTIVE TODD DOW; OFFICER GREG UMBRIGHT; DOES I-X | (Civil Rights, Jury Trial Demanded) |
| Defendants. | |

## I. INTRODUCTION

1. This is an action for damages sustained by a resident of Spokane, Washington against the City of Pullman, Officer Joshua Bray, Officer Alex Gordon, Detective Todd Dow, and Officer Greg Umbright who, through their intentional conduct and reckless and conscious disregard for the First, Fourth, and Fourteenth Amendments, have caused plaintiff to suffer deprivation of his liberty and his civil and constitutional rights, and mental and emotional distress.

COMPLAINT FOR DAMAGES - 1
LANKFORD V. CITY OF PULLMAN, ET AL.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

## II. JURISDICTION

2. The jurisdiction of this Court over this Complaint is invoked pursuant to the provisions of 28 U.S.C. §§ 1331(a) and 1343(a)(1), (2), (3), and (4) for plaintiff's federal constitutional claims, which derive from the provisions of 42 U.S.C §§ 1983 and 1988 and the Constitution of the United States, specifically the First, Fourth, and Fourteenth Amendments thereto.

3. This Court has supplemental jurisdiction over the State claims pursuant to 28 U.S.C. § 1367 by virtue of the fact that they arise out of the same transactions or series of transactions as do the claims alleged herein under federal and constitutional law.

## III. VENUE

4. All of the unlawful acts and practices alleged herein occurred in the City of Pullman. Thus, the Eastern District of Washington Spokane Courthouse is the appropriate forum for this matter.

## IV. PARTIES

5. Plaintiff Tyler James Thomas Lankford ("Lankford") is an adult male citizen of the United States and a resident of the State of Washington.

6. Defendant City of Pullman, Washington is now, and at all times mentioned herein was, a governmental entity and a political subdivision of the State of Washington, duly organized and existing under the laws of the State of Washington.

7. Defendant Officer Joshua Bray ("Bray") is an Officer with the Pullman, Washington Police Department and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant City of Pullman, Washington.

COMPLAINT FOR DAMAGES - 2
LANKFORD V. CITY OF PULLMAN, ET AL.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

8. Defendant Officer Alex Gordon ("Gordon") is an Officer with the Pullman, Washington Police Department and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant City of Pullman, Washington.

9. Defendant Detective Todd Dow ("Dow") is a Detective with the Pullman, Washington Police Department and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant City of Pullman, Washington.

10. Defendant Officer Greg Umbright ("Umbright") is an Officer with the Pullman, Washington Police Department and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant City of Pullman, Washington.

11. Defendants Does I through X, in doing the things complained of herein, were acting under color of law and within the course and scope of their employment by defendant City of Pullman, Washington.

12. Each defendant is, and at all times herein mentioned was, an agent of the other and acting within the course and scope of that agency in causing the harm as herein alleged.

## V. ADMINISTRATIVE PROCEEDINGS

13. Within the statutory time period, specifically on August 12, 2016, plaintiff Tyler James Thomas Lankford filed a claim, arising out of the events alleged herein, against the City of Pullman pursuant to RCW § 4.92.100. The claim was rejected by operation of law on October 15, 2016.

COMPLAINT FOR DAMAGES - 3
LANKFORD V. CITY OF PULLMAN, ET AL.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

## VI. STATEMENT OF FACTS

14. On July 25, 2015, Tyler James Thomas Lankford ("Lankford") checked into the Quality Inn & Suites in Pullman, WA.

15. On July 27, 2015, Lankford's Aunt, Kathleen Teresa Finch ("Finch") called and spoke to Officer Bray to ask for a welfare check on Lankford. Bray also spoke with Lankford's Mom, Sherry Bailey ("Bailey"), who stated that she was paying for Lankford's room at the hotel through July 28, 2015 and that she thought he might be in the possession of some firearms.

16. Based only on the statements of Finch and Bailey, Bray prepared an Affidavit for Search Warrant for a crime to wit: Felony Harassment, was committed upon the person or property of Mikaela Marlow ("Marlow"). Marlow did not make a complaint against Lankford. Lankford had not contacted or spoken to Marlow, and the only basis for the search were Bray's conversations with Finch and Bailey. There was no evidence that any firearm had been displayed or had been used in an unlawful manner.

17. Bray included in the search warrant, any and all firearms including, but not limited to, a 9mm Glock and a 40 mm Smith and Wesson, and any and all ammunition from Lankford's hotel room.

18. At approximately 11:48 a.m., the Pullman Police Department ("PPD") called the Moscow Police Department ("MPD") and requested a Special Reaction Team ("SRT")/Negotiations call out for the PPD for negotiations with an alleged barricaded, armed subject at Quality Inn & Suites in Pullman, WA. The Whitman County Joint SRT was called out and a perimeter was established around the facility. SRT evacuated the rooms around Lankford. When all 26 officers were in place, Officer Casey Green ("Green") of the MPD called Lankford's room.

COMPLAINT FOR DAMAGES - 4
LANKFORD V. CITY OF PULLMAN, ET AL.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

19. Green called Lankford's room and informed him they were doing a welfare check on him. Lankford did not feel like talking to the police, so he hung up. Green called back again and told him they were just doing a welfare check and insisted that Lankford come out into the hallway.

20. Lankford agreed to exit his room and, once he was out in the hallway, was immediately surrounded by the SRT team and taken into custody. Bray, along with Officer Gordon, Detective Dow, and Officer Umbright, carried out the search warrant on Lankford's hotel room. While conducting their search, they observed marijuana in the room. The detectives seized a Glock 17, 9mm ammunition x85 rounds, a Remington 700, a gun case with cleaning kit, a Barnes Vor-TX 308 Win ammunition x37 rounds.

21. Lankford was taken into custody to determine if he posed an immediate danger to himself or others. He was transported to Pullman Regional Hospital where Palouse River Counseling completed a psychiatric evaluation on him to determine if he was a danger to himself or others. Palouse River Counseling found that he was not a danger to himself or others and thus should not be psychiatrically held against his will.

22. Defendants, who did not have probable cause for Lankford's arrest, transported him to the Whitman County Jail, where he was charged with Felony Harassment and Possession of a Controlled Substance and was held until September 9, 2015 when he was ordered released by the Court.

23. The Felony Harassment charge was dropped against Lankford, leaving the sole charge of Possession of Marijuana over 40 Grams, A Class C Felony. Lankford was in jail from July 27, 2015 until September 9, 2015, when a Judge signed an Order, dismissing his case and

COMPLAINT FOR DAMAGES - 5
LANKFORD V. CITY OF PULLMAN, ET AL.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

1  releasing him from jail, based on the invalidity of the warrant and search. The Order stated that "the warrant is not based on probable cause and is therefore invalid."

24. The detention, arrest, incarceration and search caused Lankford to suffer severe emotional distress as he sat in jail for almost two months. The police did not have probable cause for the issuance of a search warrant on his hotel room, or for his arrest. Lankford suffered from low energy, weight loss, hair loss, nightmares, and anxiety during his time in jail from July 28, 2015 through September 9, 2015.

25. Lankford suffered physical and mental injuries due to defendant officers' false arrest, unlawful search and seizure, trespass and conversion.

## VII.  FIRST CLAIM FOR RELIEF

(42 United States Code § 1983 – Arrest without Probable Cause)

26. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 25 with the same force and effect as if such paragraphs were separately realleged in this First Claim for Relief.

27. The actions of all defendant officers in arresting plaintiff without probable cause deprived him of his Fourth Amendment rights to be free from deprivations of liberty without legal and/or probable cause and due process of law.

28. Defendant officers, and each of them, subjected plaintiff to such deprivations by malice and a reckless and conscious disregard of his rights for which an award of punitive damages is warranted against each individual officer.

29. The direct and proximate result of each defendant's acts is that plaintiff was forced to endure mental suffering and emotional distress, was deprived of his physical liberty,

COMPLAINT FOR DAMAGES - 6
LANKFORD V. CITY OF PULLMAN, ET AL.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

and endured a six week imprisonment before the charges were dropped and he was released from jail.

## VIII. SECOND CLAIM FOR RELIEF

### (42 United States Code § 1983 – Unlawful Search and Seizure)

30. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 29 with the same force and effect as if such paragraphs were separately realleged in this Second Claim for Relief.

31. The actions of all defendant officers in searching plaintiff's hotel room and in seizing and retaining his property deprived him of his Fourth Amendment right to be free from unlawful search and seizure.

32. Defendant Bray applied for a search warrant knowing that he did not possess probable cause. He did so in reckless disregard to the consequences and hardship and in conscious disregard to plaintiff's constitutional and statutory rights. Bray subjected plaintiff to such deprivations by malice and/or oppression and/or a reckless and conscious disregard of his rights. An award of punitive damages against defendant Bray is warranted.

33. The direct and proximate result of each defendant's acts is that plaintiff was deprived of his property and was held in jail and thus forced to endure mental suffering and emotional distress, and was deprived of his physical liberty. The conduct of defendant officers, and each of them, was done in reckless and conscious disregard of plaintiff's statutory and constitutional rights and an award of punitive damages against the individual officers is warranted.

//

//

COMPLAINT FOR DAMAGES - 7
LANKFORD V. CITY OF PULLMAN, ET AL.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

## XI. THIRD CLAIM FOR RELIEF

### (42 United States Code § 1983 – Monell Claim
### City of Pullman Only)

34. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 33 with the same force and effect as if such paragraphs were separately realleged in this Third Claim for Relief.

35. At all times herein mentioned, defendant City of Pullman had a mandatory duty of care to properly and adequately hire, train, retrain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to persons. With deliberate indifference, the City of Pullman failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights.

36. On information and belief, the City of Pullman has failed to train its officers in the proper law of arrest and the meaning of probable cause when it comes to arrest, searches and the issuance of search warrants so that its officers are confused and likely applying for and obtaining search warrants when there is no probable cause for them. The City of Pullman knows that its officers will arrest and prosecute numerous people without complying with the Fourth Amendment but despite said knowledge has continued to fail to properly train its officers.

37. The City of Pullman also does not take corrective action.

38. Said lack of policy of corrective discipline and failure to adequately train its police officers have exposed persons who are in compliance with the law to unreasonable searches, detentions and arrests.

COMPLAINT FOR DAMAGES - 8
LANKFORD V. CITY OF PULLMAN, ET AL.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

39. Thus, the need to train officers in the constitutional limitations of searches, detentions and arrests when the need for training can be said to be "so obvious" that the failure to do so could properly be characterized as "deliberate indifference" to constitutional rights.

40. In general, the pleadings contain sufficient evidence to establish the following facts: (1) a violation of a federally-protected right, to wit, Fourth Amendment rights; (2) inadequate training of employees, to wit, gross failure to possess objective evidence of a crime and applying for a search warrant when there was no probable cause for its issuance; and (3) causation between the inadequate training and plaintiff's damage.

41. Defendant City of Pullman breached its duty of care to plaintiff because it failed to adequately train and/or discipline its police officers, including those named in this complaint. This lack of adequate supervisorial training, and/or policies and procedures is so gross that it demonstrates the existence of an informal custom or policy of promoting, tolerating, and ratifying the continuing unlawful arrests and use of force by officers employed by the City of Pullman.

42. The foregoing acts, omissions, and systemic failures are customs and policies of defendant City of Pullman, which caused its officers to believe that determination of the right to detain, search and arrest a person was within their unfettered discretion, and that complaints of improper conduct would not be properly investigated, with the foreseeable result that officers would likely cause the deprivation of a person's rights as occurred in this case. Such conduct on the part of defendant City of Pullman renders it liable for its officers' constitutional violations.

43. As a direct and proximate result of the aforesaid acts, omissions, policies, and customs of defendant City of Pullman, the individual defendant officers caused the constitutional violations and damages described above.

LANKFORD V. CITY OF PULLMAN, ET AL.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

## STATE CLAIMS

### XII. FOURTH CLAIM FOR RELIEF

#### (City of Pullman -- Respondeat Superior)

44. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 43 with the same force and effect as if such paragraphs were separately realleged in this Fourth Claim for Relief.

45. In doing the things herein alleged, Bray, Gordon, Dow, and Umbright were acting within the course and scope of their employment by defendant City of Pullman. Defendant City of Pullman is therefore liable for all damages, other than punitive damages, caused by its officers.

### XIII. FIFTH CLAIM FOR RELIEF

#### (Trespass)

46. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 45 with the same force and effect as if such paragraphs were separately realleged in this Fifth Claim for Relief.

47. The actions of defendants and each of them in entering plaintiff's hotel room without his permission or consent constitute trespassing and a contributing factor to his physical pain and emotional distress damages.

### XIV. SIXTH CLAIM FOR RELIEF

#### (Conversion)

48. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 47 with the same force and effect as if such paragraphs were separately realleged in this Sixth Claim for Relief.

COMPLAINT FOR DAMAGES - 10
LANKFORD V. CITY OF PULLMAN, ET AL.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

49. The actions of defendants and each of them in entering plaintiff's hotel room and removing his property without his permission or consent constitutes conversion and a contributing factor to his physical pain and emotional distress damages.

### XV. SEVENTH CLAIM FOR RELIEF

#### (False Arrest and Imprisonment)

50. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 49 with the same force and effect as if such paragraphs were separately realleged in this Seventh Claim for Relief.

51. The conduct of defendant officers in detaining and arresting plaintiff constitutes false imprisonment of plaintiff. The actions of defendant officers in detaining, arresting, and effecting his incarceration in Whitman County Jail constitutes false arrest and false imprisonment

52. As a direct and proximate result of defendant officers' intentional conduct, plaintiff sustained economic and non-economic damages, including, without limitation, mental suffering, emotional distress, emotional trauma, physical pain and suffering, and other mental pain and suffering; and other damages, which said damages will be proven at trial.

### XVI. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief, jointly and severally, against the defendants:

A. For general and special compensatory damages against defendants City of Pullman Officer Joshua Bray, Officer Alex Gordon, Officer Todd Dow, and Officer Greg Umbright in the amount of $2,000,000;

COMPLAINT FOR DAMAGES - 11
LANKFORD V. CITY OF PULLMAN, ET AL.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

B.  For punitive damages against defendants Officer Joshua Bray, Officer Alex Gordon, Detective Todd Dow, and Officer Greg Umbright in the amount of $100,000 each;

C.  For reasonable attorney's fees and costs pursuant to the provisions of 42 U.S.C. § 1988 or any other applicable law;

D.  For costs of suit incurred herein; and

E.  For such other and further relief as the Court may deem just.

DATED this 24th day of October 2016.

CIVIL RIGHTS JUSTICE CENTER, PLLC

**Darryl Parker**, WSBA #30770

COMPLAINT FOR DAMAGES - 12
LANKFORD V. CITY OF PULLMAN, ET AL.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183