FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 17, 2017

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TYLER JAMES THOMAS LANKFORD,

Plaintiff,

v.

CITY OF PULLMAN; COUNTY OF WHITMAN; STATE OF WASHINGTON; OFFICER JOSHUA BRAY; OFFICER BRIAN CHAMBERLAIN; DETECTIVE TODD DOW; OFFICER ALEX GORDON; SERGEANT SAM SOREM; OFFICER GREG UMBRIGHT; OFFICER JUSTIN DEROSIER; OFFICER MIKE PETLOVANY; and DOES I–X,

Defendants.

No. 2:16-CV-0377-SMJ

**STIPULATED PROTECTIVE ORDER**

Before the Court, without oral argument, is the parties' Stipulated Protective Order, ECF No. 8-1. The parties seek a protective order to safeguard personal information and its use. ECF No. 8 at 4. Further, the parties submitted a Joint Status Report Re: Issuance of Protective Order, ECF No. 22, indicating that no changes to the proposed protective order at ECF No. 8-1 are needed. Lastly, the Court notes that the parties' Stipulated Protective Order includes a reference to a sample copy

of a consent form as Exhibit A yet includes no such form. ECF No. 8-1 at 3. The Court will leave this issue to the parties and direct them to fashion an appropriate consent form to use whenever either party seeks to bind an individual to this Order's terms.

Having reviewed the pleadings and the file in this matter, the Court is fully informed and grants the Stipulated Protective Order.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Joint's Stipulated Protective Order, **ECF No. 8-1**, is **GRANTED**.

**IT IS HEREBY STIPULATED AND AGREED THAT:**

The following procedures shall apply to the personnel, internal affairs, training records, hiring files, employment files, and any other files pertaining to officers of the City of Pullman Police Department, and any documents, written or other that contain any personal information regarding any third party in the above-referenced matter or not a party hereto but pursuant to a request for release by Plaintiff's counsel. The City of Pullman has designated these records as confidential subject to the following provisions:

1. The personnel records, employment records, hiring files, training records, and financial and tax records of all officers of the City of Pullman Police Department (herein "Records") produced in response to Plaintiff's production requests shall be used solely for the purposes

of this litigation and shall not be disclosed, except pursuant to court order, to anyone except:

a. The party(ies), their attorneys and the attorney's employees;

b. Consultants and experts retained by any party for the purposes of assisting in the preparation or presentation of claims or defenses;

c. Any other person with prior written consent of the party producing the documents.

2. All of the foregoing persons, other than the parties' attorneys and their employees, shall be shown a copy of this Order and shall sign it or otherwise signify in writing prior to being shown confidential documents that the person has read the Order and consents to be bound by its terms. Attached hereto as Exhibit A is a sample copy of a consent form.

3. The social security numbers, dates of birth, bank account identifications, financial information, and driver's license of any individual, whether a police officer or a third party, shall be redacted from all documents prior to the Defendant providing a copy of the same to Plaintiff's counsel.

4. The addresses and phone numbers of police officers or other law enforcement personnel and those individual's friends and families shall be redacted prior to the Defendant providing a copy of the same to Plaintiff's counsel.

5. The names of the family members of individual law enforcement officers shall also be redacted.

6. The names, addresses, phone numbers and other personal identifiers of citizens who were not involved in the underlying investigation, search and arrest shall be redacted from the produced officers personnel file copies, with the exception of those individuals who made any claim(s) addressed by Plaintiff's Requests for Production 5, 6, 10, and 11. Those individuals' name, addresses, and telephone numbers shall not be redacted.

7. Plaintiff Tyler Lankford's medical records and medical billing records shall also be considered "confidential" within the meaning and scope of this Order.

8. Prior to filing or submission into evidence in this action of any "Confidential" material (including the filing of any pleadings which incorporate or disclose "Confidential" material) by counsel for either party in this action, said counsel shall seal said record(s) and shall

remain under seal unless ordered by the Court to be opened. Such sealing and filing shall be accomplished in accordance with the appropriate court rules for filing material under seal, and the material shall remain under seal with the Court unless and until the Court orders otherwise. Such "Confidential" material shall not become a part of the public record in this action, nor shall it otherwise be made available to the public. Only persons authorized under the provisions of this Protective Order, the Court (including any court to which this action may be appealed or transferred), and persons employed by or assisting the Court in this action shall be given access to any such "Confidential" material or to any testimony or oral statements disclosing the substance thereof.

9. Upon completion of this litigation, all copies of the Records or documents produced shall, at the producing party's option, be destroyed or returned to the providing party's counsel. This is to include all copies reproduced by any party, agent, employee or expert of Plaintiffs and Defendants.

10. No documents or information from the Records shall be used for any purpose unrelated to the conduct of this litigation.

11. Nothing contained herein shall be construed to prejudice or limit any party's right to use the Records in taking of depositions or at trial to the extent permitted, if at all, under the Rules of Evidence and Civil Procedure.

12. Nothing in this Order shall prevent any party hereto from seeking modification of this Order or from objecting to discovery which it believes to be otherwise improper.

13. Violation of the terms of this Order, by any of the signatories to this agreement, their employees, agents or experts may subject the violator to terms (monetary and/or injunctive) as well as attorney's fees and costs incurred in enforcing this Order and as the Court deems appropriate.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 17th day of March 2017.

SALVADOR MENDOZA, JR.
United States District Judge