Honorable Salvador Mendoza, Jr.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| TYLER JAMES THOMAS LANKFORD, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF PULLMAN; COUNTY OF WHITMAN; STATE OF WASHINGTON; OFFICER JOSHUA BRAY; OFFICER ALEX GORDON; DETECTIVE TODD DOW; OFFICER GREG UMBRIGHT; OFFICER JUSTIN DEROSIER; OFFICER MIKE PETLOVANY; OFFICER BRIAN CHAMBERLAIN; SERGEANT SAM SOREM; and DOES I-X, <br><br> Defendants. | Case No. 2:16-cv-00377-SMJ <br><br> **DECLARATION OF TYLER JAMES THOMAS LANKFORD IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

I, Tyler James Thomas Lankford, declare:

DECLARATION OF TYLER JAMES THOMAS LANKFORD IN
SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 1
Case No. 2:16-cv-00377-SMJ

Civil Rights Justice Center PLLC
2150 North 107th Street. Suite 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

2.  I am an adult male citizen of the United States and a resident of the State of Washington and am the plaintiff in the above-entitled action.

3.  In 2011, while attending the University of Idaho, I had a minor pedagogical disagreement with one of my professors. Her name was Mikaela Marlow. She complained about me challenging her interpretation of published scientific research and, in general, disrupting her class. I agreed to drop her class, and the complaint was dismissed. I moved on with my education and never gave it a second thought.

4.  I have not thought about, spoken to, or made any attempt to contact, Mikaela Marlow, since I dropped her class in 2011.

5.  On July 25, 2015, I got into an automobile accident, when someone rear-ended my car. It was a hit-and-run accident.

6.  That same day, I checked into the Quality Inn & Suites in Pullman, Washington.

7.  On July 26, 2015, I spoke to my aunt on the telephone. I did not give her or anyone else permission to record the conversation and I did not know that all or any parts of it was being recorded. At no time during any conversation or contact with my aunt did I threaten to harm anyone, including Mikaela Marlow. In fact, I never mentioned Mikaela Marlow's name.

**DECLARATION OF TYLER JAMES THOMAS LANKFORD IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** - 2
Case No. 2:16-cv-00377-SMJ

Civil Rights Justice Center PLLC
2150 North 107th Street. Suite 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

8.  On the evening of July 26, 2015, I was in my hotel room, working on a job application for a research assistant position, which included writing a cover letter and updating my Curriculum Vitae. During the evening, someone knocked on my hotel room door several times. I did not want to talk to anyone, so I did not answer the door.

9.  On July 27, 2015, I was in my hotel room #109 at the Quality Inn in Pullman, Washington, when the telephone rang. I answered the phone and the person on the other end asked me who I was and told me that he was a police officer and that he was there to check on me and make sure I was OK. I did not want to talk to the police, but I did identify myself and told him that I did not wish to speak with him. He told me that he wanted to make sure I was OK and wanted to know if there was anyone else in the room with me.

10. I told him that there was no one else in the room. I also told him that I was OK and was not experiencing any distress or emergency. He asked me if I had food in the room, and I told him that I did. He asked me if I had any firearms or other weapons in the room, and I told him that I did not want to answer any more questions.

DECLARATION OF TYLER JAMES THOMAS LANKFORD IN
SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 3
Case No. 2:16-cv-00377-SMJ

Civil Rights Justice Center PLLC
2150 North 107th Street. Suite 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

11. The officer told me that he was doing a job to check on my safety and well-being and that he needed to know if I had any firearms. I told him that there was no one else in the room with me, that I was OK, and that I did not want to answer any questions. He asked me again if I had any firearms in the room and I told him I didn't want to answer any questions, especially about firearms, because there are so many laws about firearms, and I wanted to speak with an attorney.

12. The officer on the phone conceded in a reassuring tone that I had a right to possess firearms on the basis of the Second Amendment to the United States Constitution and that he was asking about firearms for my own safety. He asked me again if I had any firearms, and I told him again that I did not want to answer any questions about firearms and wanted to speak with an attorney. He asked me if there was anything in the room specifically designed to hurt a person, such as explosive devices, and I told him that there was not.

13. I assured him of my well-being and safety and asked him to leave me alone because I was OK and did not want to communicate with the police. He told me that he wanted access to my room and that to complete his job, he needed to physically view me and see that I was OK, and that he could not rely on my verbal affirmation of my safety and well-being over the telephone.

DECLARATION OF TYLER JAMES THOMAS LANKFORD IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 4
Case No. 2:16-cv-00377-SMJ

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

14. He sounded excited and forceful, and I became fearful for my safety. I was afraid that the officer on the phone or a member of his team would use unlawful force and injure or kill me because of the agitation and forcefulness evidenced by the tone of his voice. He told me that he was in a vehicle outside of the building. I agreed to exit my room and meet him in the hotel lobby so that he may view me, and asked him if that would satisfy his requirements. He agreed that it would. He instructed me to come to the hotel lobby and to carry no weapons.

15. I told him that I would exit my room wearing shorts, a T-shirt, and shoes, and that I would not carry any weapons on my person. I told him that I did not want there to be any police at the door when I opened it, and he agreed to that condition. I put on plain black athletic shorts, shoes, and a plain black athletic T-shirt, and I believe I was also wearing sunglasses on my head. I made sure that there were no other objects on my person and prepared to exit the hotel room.

16. The entry door to the hotel room was a typical wooden door and opened to a recessed area of the main hotel hallway, so that when the door was opened, there was no clear line of sight down the hallway in either direction from the plane of the doorway. The plane of the doorway was recessed approximately 2-3 feet from the plane of the main wall of the hallway. I looked through the peephole in the door

**DECLARATION OF TYLER JAMES THOMAS LANKFORD IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 5**
Case No. 2:16-cv-00377-SMJ

Civil Rights Justice Center PLLC
2150 North 107th Street. Suite 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

and didn't see anyone standing in that recessed entryway immediately outside the door, nor in the area directly across the hallway.

17. I opened the door and the first thing I saw was a small device or solid object on the floor with what appeared to be a 2-conductor cable attached to it and running down the hallway to my right, away from the lobby. The device appeared to be fabricated of metal and dark in color. It was shaped as two square plates, approximately 6 inches on a side, on the top and bottom of a smaller metal cube or rectangular prism approximately 4 inches on a side, sandwiched between the plates.

18. I did not know what the device was and feared that it was some type of weapon. The door featured an automatic closing and locking mechanism. As I exited the hotel room, I closed the door behind me so that my room was closed and locked. I left my keycards for the door in my room to prevent unconsented access and to protect my privacy. I had nothing else on my person, other than clothing.

19. I heard the order "Hands! Hands! Show me your hands!" so I extended my hands straight in front of me and into the hallway, and spread and wiggled my fingers to demonstrate clearly that I was not holding any object or material. I heard the order to step into the hallway, and I did. I heard the order to face away from the

DECLARATION OF TYLER JAMES THOMAS LANKFORD IN
SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 6
Case No. 2:16-cv-00377-SMJ

Civil Rights Justice Center PLLC
2150 North 107th Street. Suite 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

speaker. I turned to my right because the speaker sounded like he was to my left. Down the hallway, I saw several black shields with "POLICE" in white block letters on the sides of the shields facing me. I could not clearly see any officers or badges.

20. I was very fearful at this time. I believed there were weapons targeted at me, but I could not see them because I was instructed to face away from the officer issuing verbal commands and toward the police shields. I saw one of the shields move down and somewhat to my right, as if the person holding the shield was bracing or adopting a different posture. I heard the order to raise my hands in the air and to lift my shirt from the top so that my waistband would be visible. I did so and lifted my shirt so that the bottom of the shirt was several inches above the waistband of my shorts and showed that I was not carrying any weapons. I heard the order to lift my hands and drop to my knees.

21. I raised both of my hands above my head and slowly dropped to my knees. I was very afraid now and gripped with fear. I felt overwhelmed. I did not see anything else until after I was handcuffed. I heard orders to lie face down on the ground with my arms extended out to my sides, so I did. I heard the order to turn my head to the right, so I did. I heard footsteps approaching.

DECLARATION OF TYLER JAMES THOMAS LANKFORD IN
SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 7
Case No. 2:16-cv-00377-SMJ

Civil Rights Justice Center PLLC
2150 North 107th Street. Suite 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

22.  I felt a person's knee press down on my back and felt my arms being grabbed and pulled behind my back. I felt handcuffs applied so as to fix my wrists together behind my back. I was rolled from a face-down position, first onto one side, then the other, and the surface of my body was thoroughly searched by patting with the palms of some officer's hands. I was stood up and made to walk down the hallway to the main lobby with officers holding my arms and walking beside me. I was brought to the officer I had been speaking with on the phone and surrounded by officers wearing body armor and holding rifles, and other weapons and gear.

23.  The officer asked me if I knew anyone who might be concerned for my safety. I told him perhaps my mother would be concerned, and he asked me for her name and phone number. I told him her name and phone number, which he wrote in his notepad. I viewed the officers standing around me holding their rifles in their hands, and I commented that this was an extreme display of force for a welfare check, expressing my suspicion and distrust of the situation. I do not recall how the officer responded to my comment, but I believe he gave a verbal response.

24.  Once in the lobby, I was repeatedly told by a sergeant that I was not under arrest but was just being taken into protective custody.

DECLARATION OF TYLER JAMES THOMAS LANKFORD IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 8
Case No. 2:16-cv-00377-SMJ

Civil Rights Justice Center PLLC
2150 North 107th Street. Suite 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

25. I saw a man near the main entry of the hotel, holding a camera with a large lens. That man appeared to be taking photographs of me and of the area. I asked if I could conceal my identity by pulling my shirt over my head, because I did not know exactly what was happening, but I did not want to appear on the news, and the photographer appeared to be a reporter.

26. My request was denied, and I was led to a police vehicle parked near the rear entrance of the hotel.

27. I was placed in the back seat of the police vehicle on the driver's side, and a seat belt was extended around me. An officer approached the open door of the vehicle. I believe it was Officer Bray. The officer told me that I was not under arrest, but that he was investigating criminal activity, and informed me of some rights, including my right to remain silent. I stated that I understood the rights he had just explained.

28. The door of the vehicle was closed, and I was transported with one driver officer and one passenger officer to Pullman Regional Hospital, a short distance down Bishop Boulevard. Those officers took me out of the vehicle and led me into the entrance of the Emergency Department and into a room with an adjustable hospital bed and two cameras in opposite upper corners of the room. I was

**DECLARATION OF TYLER JAMES THOMAS LANKFORD IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** - 9
Case No. 2:16-cv-00377-SMJ

Civil Rights Justice Center PLLC
2150 North 107th Street. Suite 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

instructed to remove my clothing and put on a hospital gown. I was unhandcuffed and I removed all of my clothing and put on the gown. My clothing was placed in a bag and removed from the room.

29. Upon my arrival at the hospital, Dr. Lightfoot introduced himself to me and asked me why I thought I was taken into custody. I informed him that it was my understanding that someone was concerned about my safety, so they sent the SWAT team to take me to the hospital. Dr. Lightfoot told me he would conduct some medical examinations. The police officers subsequently left the room.

30. I spoke to and cooperated with the mental health staff from Palouse River Counseling.

31. On July 28, 2015, the mental health staff determined that I did not meet the criteria for commitment to the psychiatric hospital and that it was not necessary and/or appropriate to detain me in the psychiatric hospital. Pullman Police Department officers arrested me for felony harassment, threat to kill on Mikaela Marlow.

32. I never displayed or used my firearms in an unlawful manner, nor did I make any threat to use them.

DECLARATION OF TYLER JAMES THOMAS LANKFORD IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 10
Case No. 2:16-cv-00377-SMJ

Civil Rights Justice Center PLLC
2150 North 107th Street. Suite 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

33. I could not afford to post the $200,000 bail and was unable to get out of jail. I was held in Whitman County Jail until September 9, 2015; 44 days.

34. The detention, arrest, incarceration, and search caused me ongoing emotional distress. I suffered low energy, weight loss, hair loss, nightmares, anxiety, and emotional distress.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Spokane, Washington on the 2nd day of November, 2017.

_____
Tyler Lankford

DECLARATION OF TYLER JAMES THOMAS LANKFORD IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 11
Case No. 2:16-cv-00377-SMJ

Civil Rights Justice Center PLLC
2150 North 107th Street. Suite 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

## CERTIFICATE OF SERVICE

I, Rachelle Stefanski, under penalty of perjury under the laws of the State of Washington, declare as follows:

I am a resident of the State of Washington, over eighteen years of age, and not a party to the within action. I hereby certify that on November 3, 2017, I electronically filed the foregoing DECLARATION OF TYLER JAMES THOMAS LANKFORD IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT and this CERTIFICATE OF SERVICE with the Clerk of the Court using the CM/ECF system which will send notification of the filing to all counsel of record.

Executed on November 3, 2017, at Seattle, Washington.

*/s/ Rachelle Stefanski*
Rachelle Stefanski, Legal Assistant

DECLARATION OF TYLER JAMES THOMAS LANKFORD IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 12
Case No. 2:16-cv-00377-SMJ

Civil Rights Justice Center PLLC
2150 North 107th Street. Suite 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183