FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 26, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TYLER JAMES THOMAS LANKFORD,<br><br>      Plaintiff,<br><br>   v.<br><br>CITY OF PULLMAN; COUNTY OF WHITMAN; STATE OF WASHINGTON; OFFICER JOSHUA BRAY; OFFICER BRIAN CHAMBERLAIN; DETECTIVE TODD DOW; OFFICER ALEX GORDON; SERGEANT SAM SOREM; OFFICER GREG UMBRIGHT; OFFICER JUSTIN DEROSIER; OFFICER MIKE PETLOVANY; and DOES I-X,<br><br>      Defendants. | No. 2:16-cv-00377-SMJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

   Before the Court, without oral argument, is Plaintiff Tyler Lankford's Motion for Reconsideration, ECF No. 164. Lankford filed this action against the above-captioned defendants (collectively, "Pullman Defendants") alleging violation of several constitutional and statutory rights. Pullman Defendants moved for summary judgment on Lankford's claims, ECF No. 65, and the Court granted the motion in part and denied it in part. As relevant to this motion, the Court

ORDER - 1

granted summary judgment to the Pullman Defendants on Lankford's malicious prosecution claims. Lankford now moves for reconsideration on the malicious prosecution claim. ECF No. 102.

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Lankford argues that (1) questions of fact remain regarding whether probable cause existed to support the possession of a controlled substance charge, and (2) the Court did not properly address Lankford's claim for malicious prosecution on the felony harassment charge.

With respect to the possession of a controlled substance charge, Lankford argues that questions of fact existed as to whether probable cause existed to initiate or pursue the claim. However, the Court has already determined that probable cause existed for that claim, *see* ECF No. 163, and Lankford has not produced any additional evidence to warrant reconsideration. Even if Lankford could establish a lack of probable cause, his claim still suffers from the same deficiency identified below—namely, he can point to no evidence in the record

from which a reasonable juror could infer that any of the named defendants acted with malice.

Lankford further argues that the Court erred in granting summary judgment on his malicious prosecution claim for the charge of felony harassment with a gun enhancement. When a plaintiff asserts a claim for malicious prosecution, the Court must analyze each charged claim independently. "[P]robable cause as to one charge will not bar a malicious prosecution claim based on a second, distinct charge as to which probable cause was lacking." *See Holmes v. Vill. of Hoffman Estate*, 511 , 511 673, 682 (7th Cir. 2007). While Lankford is correct that the Court's prior order did not clearly distinguish between the drug and felony harassment claims, the Court's decision remains unchanged that summary judgment for the Pullman Defendants is appropriate on both claims.

In the Ninth Circuit, the general rule is that a claim of malicious prosecution is not cognizable under 42 U.S. § 1983 if process is available within the state judicial system to provide a remedy. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, "an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." *Id.* at 562 (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc).

To maintain an action for malicious prosecution, a plaintiff must show that (1) the prosecution was instituted or continued by the defendant; (2) there was want of probable cause for the institution or continuation of the prosecution; (3) the proceedings were instituted or continued through malice; (4) the proceedings terminated on the merits in favor of the plaintiff or were abandoned; and (5) the plaintiff suffered injury or damage as a result of the prosecution. *Hanson v. City of Snohomish*, 852 P.2d 295, 298 (Wash. 1983); *Peasley v. Puget Sound Tug & Barge Co.*, 125 P.2d 681, 687–88 (Wash. 1942). Of these five elements, malice and want of probable cause constitute the "gist of the action." *Peasley*, 125 P.2d at 688.

The burden of proof on both elements rests with the plaintiff. *Id.* Where, as here, the plaintiff successfully establishes want of probable cause for a defendant's institution of criminal proceedings against him, that fact alone is insufficient to establish a prima facie case for malicious prosecution. The plaintiff must go further on the part of the defendant, "for want of probable cause without malice is of no avail." *Id.* at 689.

Here, Lankford has established that officers lacked probable cause to suspect him of the crime of felony harassment against Mikaela Marlow. However, Lankford has produced no evidence from which a reasonable juror could infer malice. In his motion for reconsideration, Lankford argues that malice is not an

element of a federal malicious prosecution claim, but cites no authority for this position. The Ninth Circuit has repeatedly recognized that a malicious prosecution claim requires a showing of malice. *See, e.g.*, *Usher*, 828 F.2d at 561 (recognizing § 1983 claim requires a showing of "malicious motivation"); *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (noting that, to prevail on a § 1983 malicious prosecution claim, the plaintiff must show "that the defendants prosecuted her with malice and without probable cause").

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Plaintiff's Motion for Reconsideration, **ECF No. 164**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 26th day of March 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge